Dr. Joseph JOHNSON and George
Baker, Plaintiffs-Appellants,

v.

Dr. G. Leon NETTERVILLE, Jr., etc.,
et al., Defendants-Appellees.

No. 73-2176.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1974.

Rehearing and Rehearing En Banc
Denied Feb. 27, 1974.

Murphy W. Bell, Baton Rouge, La.,
Arthur G. Thompson, Shreveport, La.,
John W. Walker, Little Rock, Ark., Mi-
chael H. Gottesman, Dennis D. Clark,
Washington, D. C., for plaintiffs-appel-
lants.

J. Reginald Coco, Jr., Sp. Counsel,
State of La., William J. Guste, Jr., Atty.
Gen., Baton Rouge, La., Louis M. Jones,
Asst. Atty. Gen. of La., New Orleans,
La., Henry Julien, Jr., Sp. Counsel to
Atty. Gen., Baton Rouge, La., for de-
fendants-appellees.

Before JOHN R. BROWN, Chief
Judge, and GODBOLD and SIMPSON,
Circuit Judges.

PER CURIAM:

Appellants, nontenured faculty mem-
bers employed under one year contracts
by Southern University, a Louisiana
State School, were summarily dis-
charged [1] pursuant to LSA–R.S. 17:3101–
3109 [2] in the midst of campus disrup-
tions in the fall of 1972.

---

1. The letter of discharge to Dr. Johnson from the President of the University asserted that he had neglected his contractual responsibilities by failing to meet classes, by encouraging students not to attend classes and had further served as an advisor to dissident students and had been "instrumental in encouraging the disruption of the normal academic process of the university."

The letter to Dr. Baker asserted that he had been an advisor to the leaders of the dissident students and had been "instru-mental in promoting activities which disrupted the normal education process of the university."

2. CHAPTER 23. PRESERVATION OF EDUCATIONAL PROCESS [NEW]

§ 3102. Definitions

For the purposes of this Chapter the following definitions shall apply:

(1) "Institution of higher learning" means any state owned and operated college or uni-

On advice of counsel, rather than taking an administrative appeal pursuant to § 3103(5) of the statute appellants brought a § 1983 action in the Federal District Court seeking a temporary restraining order and preliminary and permanent injunctions requiring reinstatement with backpay and compensatory damages on the grounds that failure to afford a pre-termination hearing constituted a denial of due process of law and that appellants were dismissed for exercising protected First Amendment rights.

After a lengthy hearing, the District Court dismissed appellant's claims due to their failure to exhaust the available state administrative remedy, however, the Court found that they had not waived their right to appeal by failing to pursue it within the statutory time limit since the president of the university had inadvertently neglected to inform them of their right to appeal in the letters of discharge.[3] An appeal from the District Court order is now before us.

 Although raised by neither party below or on appeal, careful consideration of appellant's complaint[4] and

versity now or hereafter established, and includes all state owned and operated junior colleges and branches of such colleges and universities.

§ *3103. Disruptive acts defined; dismissal and notification thereof*

Any student, member of the faculty, administrative official or other employee of any institution of higher learning of this state who:

(1) Organizes, and/or participates in, and/or holds himself out to be a part of any demonstration, protest, riot or other activity on or immediately adjacent to the grounds of any such institution, the effect of which is willfully to interfere with or disrupt the normal educational process or administration at such institution; or

(2) Enters into any building or structure of such institution alone or as a member of a group, when the effect of such entry into or presence within the building or structure is willfully to interfere with or disrupt the normal educational process or administration at such institution; or

. . . . .

(5) In any way willfully and directly aids, abets or encourages any of the foregoing acts may be expelled or dismissed from such institution effective immediately upon written notification of expulsion or dismissal signed by the president or his designated representative and delivered by registered mail at the last known address of the recipient. Any person so dismissed or expelled shall have the right to appeal the decision by which such action was taken. All appeals shall be heard by a panel which shall be composed of the members of the governing authority of the institution of higher learning; provided, however, that either or both of said authorities may adopt rules and regulations authorizing the president of the governing authority to appoint a special panel, composed of not less

than three nor more than five members of the governing authority, to hear any appeal presented to it, and in such case the decision of the special panel shall constitute the decision of the governing authority in the same manner and to the same extent as if the hearing had been before the whole membership of the governing authority.

§ *3104. Content of notification of dismissal*

The notice of expulsion or dismissal shall specifically set forth the ground or grounds upon which expulsion or dismissal is based, as well as contain a short and clear statement of the facts upon which the expulsion or dismissal is based. In addition, the notice shall inform the recipient that he may, within thirty days after the date of expulsion or dismissal order, request a hearing before the governing authority of the particular institution of higher learning in which he is enrolled and/or employed. The hearing before the governing authority shall be held and its decision rendered not later than thirty days after the date of the request for such hearing by the individual concerned.

§ *3107. Prohibition against enrolling or employing dismissed student, faculty or employee*

No student, faculty member, member of the administrative staff or other employee expelled or dismissed under the provisions of this Chapter shall be eligible to be enrolled or employed in any capacity in any state owned and operated institution of higher learning in this state for a period of one year from the date of the expulsion or dismissal.

3. See L.S.A.—R.S. 17:3104, note 2, *supra.* Appellants were then permitted to file a protective appeal. The administrative proceedings have been stayed pending termination of this litigation.

4. Since § 2281 is jurisdictional, it may not be waived by the parties.

prayer for relief regretfully compels us to conclude that this litigation falls within the exclusive satrapy of 28 U.S. C.A. § 2281,[5] one of our three-judge court acts which history proves to be both awkward and unnecessary.

Although appellants sought an injunction ordering immediate reinstatement, they also requested the District Court to "enjoin defendants and any person or persons acting in concert with them from denying plaintiffs their procedural due process rights under the Fourteenth Amendment to the United States Constitution." By their complaint, the evidence and persistent highly skilled arguments, appellants necessarily attack and bring into question the validity of the summary procedure provided by LSA–R.S. 17:3103(5) under the due process hearing requirements of Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S. Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; Fuentes v. Shevin, 1972, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556. Any injunction, negative or positive, would have the effect of mandating that the university officials not follow the procedures expressly prescribed by a statute of statewide application.[6] That is enough to deprive a single District Judge of jurisdiction. See our extensive opinion in Sands v. Wainright, 5 Cir. (en banc), 1973, 491 F.2d 417; see also Hall v. Garson, 5 Cir., 1970, 430 F.2d 430.

We vacate and remand to the District Court for the appropriate proceeding for convening a three-judge court.[7]

Vacated and remanded

5. 28 U.S.C.A. § 2281. *Injunction against enforcement of State statute; three-judge court required*

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

6. The LSA—R.S. 17:3102(1), note 2, *supra.*

7. Obviously, we intimate no views on the merits.